IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MICAH KILGORE | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv146 |
| PATRICIA BURNETT, ET AL. | § | |

**ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Micah Kilgore, proceeding *pro se*, filed the above-styled civil rights lawsuit against Patricia Burnett and Barbara Henry. Plaintiff alleges the defendants did not provide him with adequate medical care. The court previously referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable orders of this court.

The defendants have filed a Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies (document number 21). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed what he termed a response to the motion for summary judgment (document number 25). The court will construe plaintiff's response as objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Plaintiff filed a Step 1 grievance complaining about a use of force and the medical care provided by the defendants. In his Step 2 grievance, plaintiff only referred to the use of force. He did not mention his medical care or the defendants. Not surprisingly, the Grievance Response addressed only the complaints of use of force and "staff misconduct."

To properly exhaust administrative remedies, a Texas state inmate must pursue his claim through both steps of the grievance procedure. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). By failing to mention either his medical care or the defendants in his Step 2 grievance,

plaintiff failed to fully exhaust his administrative remedies. It is too late to resurrect a claim that was not mentioned in Step 2. The defendants are therefore entitled to summary judgment.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. The defendant's motion for summary judgment is **GRANTED**. A final judgment shall be entered dismissing this lawsuit.

So **ORDERED** and **SIGNED March 21, 2020.**

_____
Ron Clark, Senior District Judge